**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**BREEDEN & ASSOCIATES, PLLC**
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DEREK MYERS, on behalf of himself and all others similarly situated, | |
| Plaintiff, | CASE NO. 2:25-cv-00562-GMN-DJA |
| v. | |
| CITY OF LAS VEGAS, a political subdivision of the state of Nevada; JASON BROOKS, individually; SERGIO GUZMAN, individually; and JASON POTTS, individually, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE [ECF NO. 18]** |
| Defendants. | |

Plaintiff Derek Myers, individually and on behalf of all others similarly situated, by and through his counsel, Adam J. Breeden, Esq. of Breeden & Associates, PLLC, submits this opposition to *Defendants' Motion to Strike* (ECF No. 18) the pleading *Plaintiff's Opposition to Defendants' Motion to Dismiss* (ECF No. 17) for exceeding the Court's page limits on briefs. For the reasons below, the *Motion to Dismiss* should be denied or granted with leave to re-file a modified opposition.

### I. FACTUAL/PROCEDURAL BACKGROUND

Plaintiff Myers has filed a putative class action complaint based on a simple premise, i.e., that the City of Las Vegas marshals are routinely and knowingly conducting law enforcement outside the territorial scope of their limited jurisdiction, in violation of the law. After service of process, the Defendants responded to the Complaint with a pre-Answer Motion to Dismiss (ECF No. 11). Plaintiff then opposed said motion by submitting *Plaintiff's Opposition to Defendants' Motion to Dismiss* (ECF No. 17). The Defendants then moved to strike Plaintiff's Opposition

1  because the brief is 30 pages long, see LR 7-2 and 7-3. The Response follows.

2  ## II.        LAW AND ARGUMENT

3          When Plaintiff's counsel first received the Motion to Strike, he was confused because it was

4  his understanding that motions and oppositions for all *dispositive* motions are afforded 30 pages

5  while non-dispositive issues are limited to 24 pages. On receipt of the Motion to Strike, Plaintiff's

6  counsel had to review the rule and found that the language of the rule is slightly different, and the

7  text of the rule refers only to "motions for summary judgment and responses to motions for summary

8  judgment" rather than all dispositive motions. LR 7-3 reads as follows:

9      LR 7-3 PAGE LIMITS

10
11      (a) Motions for summary judgment and responses to motions for summary judgment
        are limited to 30 pages, excluding exhibits. Replies in support of a motion for
        summary judgment are limited to 20 pages. Parties must not circumvent this rule
12      by filing multiple motions.

13      (b) All other motions, responses to motions, and pretrial and post-trial briefs are
        limited to 24 pages, excluding exhibits. All other replies are limited to 12 pages,
14      excluding exhibits.

15      (c) The court looks with disfavor on motions to exceed page limits, so permission to
16      do so will not be routinely granted. A motion to file a brief that exceeds these
        page limits will be granted only upon a showing of good cause. A motion to
17      exceed these page limits must be filed before the motion or brief is due and must
        be accompanied by a declaration stating in detail the reasons for, and number of,
18      additional pages requested. The motion must not be styled as an ex parte or
        emergency motion and is limited to three pages in length. Failure to comply with
19      this subsection will result in denial of the request. The filing of a motion to
        exceed the page limit does not alter the briefing schedule for the underlying
20      motion or brief. In the absence of a court order on the motion to exceed page
        limits, the responding party should respond to the over-length brief. If the court
21      permits a longer document, the oversized document must include a table of
22      contents and a table of authorities.

23          It was <u>not</u> the intent of Plaintiff's counsel to intentionally disregard the rule. Instead, it was

24  counsel's misunderstanding that the 30-pages applies to all *dispositive* motions when apparently that

25  page limit applies only to motions for summary judgment and not motions to dismiss. One might

26  question why the former but not the latter, which are both dispositive, would get additional pages

27  but the text of the rule is clear. However, Plaintiff has a few responses and requests that the Court

28

1    entertain the additional briefing.

2        First, while again counsel did not intentionally disregard the rule, it is clear that the *Motion*

3    *to Dismiss* raises a number of issues more properly raised in a motion for summary judgment. In

4    other words, the filing is actually a motion for summary judgment masquerading as a motion to

5    dismiss. Issues such as legal authority of the officers/statutory interpretation, Fourth Amendment

6    arguments, Fourteenth Amendment arguments, *Monell* arguments, qualified immunity arguments

7    and discretionary function immunity arguments were all simply premature summary judgment

8    arguments, not arguments that should have been presented in a Fed. R. Civ. P. 12(b)(6) motion to

9    dismiss for failure to state a claim. Virtually everything set forth in the Defendants' motion was an

10   affirmative defense on the merits, not a challenge to the plausibility of the pleadings in the

11   *Complaint*. What was clear from the City's motion was that it wanted a hurried ruling from the

12   Court prior to actual facts being developed, but the legal basis for its motion went to factual issues

13   or disputed facts applied to law, not a failure to state a claim. This should lend itself toward a longer

14   brief.

15       Second, if the Court would consider it Plaintiff will make a belated motion to submit a 30

16   pages brief. This is only 6 additional pages, this hardly seems an overly burdensome request. The

17   issues raised in the *Motion to Dismiss* are dispositive and the Defendants appear to have intentionally

18   used what is know as a "shotgun" motion drafting technique where several weaker arguments are

19   put forth in a cursory manner hoping the Court latches onto one of them. The Defendants submitted

20   no fewer than eight main arguments (accompanied by several sub-arguments). There is a certain

21   challenge in opposing a shotgun motion of this type because it often takes only a sentence or two to

22   set forth a flawed legal argument, while it takes pages to explain why the argument is flawed and

23   rejected by other courts. For example, a person can claim in a sentence that the earth is the center of

24   the universe, and all planets and stars revolve around it (a flawed argument), but it takes entire

25   treatises on astrophysics to explain and prove why that position is incorrect. The original draft of

26   the opposition was longer than 30 pages and counsel found it difficult to thoroughly refute all the

27   arguments properly in 30 pages. But the fact that the so many distinct arguments are made by the

28   Defendants and that the motion is dispositive in nature lean toward the Court permitting a longer

brief. A declaration of counsel in support of this is attached as *Exhibit 1*. "The court has the authority to relax or modify this [brief limitation] rule only upon a showing of good cause." *Rice v. City of N. Las Vegas*, 2023 U.S. Dist. LEXIS 167074, *10, 2023 WL 6141667, *citing* LR 7-3(c); *Veterinary Ventures, Inc.*, 2010 U.S. Dist. LEXIS 91485, 2010 WL 3070423, at *2 (D. Nev. Aug. 3, 2010); *Gennock*, 208 F. Supp. 2d at 1158 (D. Nev. 2022). Factors such as only seeking a few additional pages as opposed to filing an 80-page brief, the complexities of the issues raised and the dispositive nature of the motion have all been held to lean toward good faith to allow a longer brief. In this case, Plaintiff seeks to file a brief of only six additional pages in a major civil rights class action case where the motion raised no fewer than eight distinct legal arguments which the Defendants claim to be dispositive, as well as counsel's misunderstanding of the rule. Such facts should constitute good cause for leave to file a longer brief.

Third, should the Court be inclined to strike the original *Opposition*, Plaintiff seeks leave to re-submit a revised brief of the allotted 24 pages. This is an important case and should not be decided on a technicality. Although Plaintiff's counsel believes it will be hard to brief all the issues in 24 pages (it was difficult when he believed he had to do it in 30 pages), he will nevertheless try if this is what the Court wishes.

### III.    CONCLUSION.

In closing, there is good cause to allow a slightly longer brief than the presumptive 24 pages under the circumstances of this case. However, if the Court finds the brief should be stricken, Plaintiff requests leave to re-file a 24-page brief so this matter can be adjudicated on the merits.

DATED this 26th day of June, 2025.

BREEDEN & ASSOCIATES, PLLC


*/s/ Adam J. Breeden*

**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June, 2025, I served a copy of the foregoing legal document **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE OPPOSITION** via the method indicated below:

| | |
|---|---|
| X | Through the Court's ECF/CM system on all registered users |
| | Pursuant to FRCP 5, by placing a copy in the US mail, postage pre-paid to the following counsel of record or parties in proper person:<br><br>NECHOLE GARCIA, ESQ.<br>PAUL MATA, ESQ<br>495 S. Main Street, Sixth Floor<br>Las Vegas, NV 89101<br>*Attorneys for Defendants* |
| | Via receipt of copy (proof of service to follow) |

An Attorney or Employee of the following firm:

*/s/ Kirsten Brown*
_____
**BREEDEN & ASSOCIATES, PLLC**

# Exhibit 1

# DECLARATION OF ADAM J. BREEDEN, ESQ.

**STATE OF NEVADA**      **)**

                                   **) SS**

**COUNTY OF CLARK**      **)**

        Now comes the Declarant who, under oath and penalty of perjury, does testify as follows:

        1)      I am Adam Breeden.  I am over the age of 18 and competent to testify on the matters set forth herein.

        2)      I am counsel of record in the *Myers v. City of Las Vegas* matter. I make this Declaration pursuant to LR 7-3.

        3)      On June 6, 2025, I submitted *Plaintiff's Opposition to Defendants' Motion to Dismiss* (ECF No. 17) of 30 pages plus the certificate of service. I mistakenly believed at the time that the page limitation of that motion was 30 pages instead of 24. My recollection was that all dispositive motions were allowed 30 pages, but apparently this is only for motions for summary judgment.

        4)      Regardless, I feel there is good cause to file a 30-page *Opposition* rather than a 24-page response. I state the following in support of this:

        a.  Plaintiff seeks only 6 additional pages, which is a small request;

        b.  The Motion to be opposed is dispositive;

        c.  The Motion to be opposed raises at least 8 different issues but with sub-topics it is more like 12 arguments;

        d.  This is a complex class action case and civil rights claims often involve complex bodies of law and legal research upon which the Court should be fully advised.

  5)  The original Opposition was around 36 pages and I already struggled to reduce it to the 30 pages I felt the local rules allowed at the time.

  6)  Therefore, I seek leave to file an Opposition response of 30 pages (plus the certificate of service) so the Court can fully consider the many legal issues raised.

Pursuant to 28 USC § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 26, 2025

By:_____

    **Adam J. Breeden**