JEFFRY M. DOROCAK
City Attorney
Nevada Bar No. 13109
By: NECHOLE GARCIA
Chief Deputy City Attorney
Nevada Bar No. 12746
By: PAUL MATA
Deputy City Attorney
Nevada Bar No. 14922
495 South Main Street, Sixth Floor
Las Vegas, NV 89101
(702) 229-6629
(702) 386-1749 (fax)
Email: ngarcia@lasvegasnevada.gov
Email: pmata@lasvegasnevada.gov
Attorneys for CITY DEFENDANTS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEREK MYERS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LAS VEGAS, a political subdivision of the state of Nevada; JASON BROOKS, individually; SERGIO GUZMAN, individually; and JASON POTTS, individually,<br><br>Defendants. | CASE NO. 2:25-cv-0562-GMN-DJA |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE**

Defendants CITY OF LAS VEGAS, JASON BROOKS, SERGIO GUZMAN, and JASON POTTS, through their attorneys of record, JEFFRY M. DOROCAK, City Attorney, by NECHOLE GARCIA, Chief Deputy City Attorney, and PAUL MATA, Deputy City Attorney, file this Reply in Support of Defendants' Motion to Strike. Plaintiff's Opposition failed to justify his failure to comply with LR 7-2 and 7-3, so this Court should strike his Opposition to Defendants' Motion to Dismiss.

This motion is based upon the pleadings and papers on file herein, the following points and authorities, and any oral argument that the Court may entertain.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiff Derek Myers ("Myers") admits that he failed to consult the rules prior to filing his Opposition to the City's Motion to Strike. He also presents no compelling reason for his failure to abide by the rules. Now, he belatedly seeks the court's permission to allow his overlong brief to stand. However, rather than demonstrate the requisite good cause, Myers makes the blanket assertion that he had to exceed the page limits to properly oppose Defendants' motion. Yet, he never identifies any specific arguments raised in Defendants' motion that required exceeding the page limits. The fact remains that Myers disregarded the rules by exceeding the page limits without first seeking leave. More importantly, Myers' overly long brief gave him an unfair advantage, as he was able to raise arguments that Defendants could not rebut due to the page limits for their reply. Allowing Myers' excessively long brief to stand would not only prejudice Defendants, it would also reward Myers' for disregarding the local rules. Therefore, this Court should deny Myers' request and grant Defendants' Motion to Strike.

**II.     ARGUMENT**

Myers fails to provide a compelling reason why he did not comply with the page limits. Instead, he blames it on a "misunderstanding" that really amounts to a failure to read the rules. However, this failure should not simply be brushed aside, particularly since he is represented by competent counsel. Additionally, Myers failed to demonstrate the good cause required for his brief to stand. He blames Defendants for raising several issues in their Motion, but his attempt to shift blame to Defendants is belied by the simple truth: if Defendants were able to concisely raise those issues within the page limits, then Myers should have been able to concisely respond to those arguments within the page limits. His failure to do so undermines the purpose behind LR 7-3. Thus, Defendants' Motion to Strike should be granted.

**A. Myers failed to provide a compelling reason for violating the rules.**

Myers admits that he failed to consult the Local Rules prior to filing his Opposition to the Defendants' Motion to Dismiss. He blames his failure on the mistaken belief that the thirty-page limit applied to all dispositive motions. ECF No. 20 at 2:3-5. However, a quick consultation of the

Local Rules prior to filing his Opposition would have disabused Myers of this notion. There, the rules make clear that motions for summary judgment have the thirty-page limit, and "[a]ll other motions are limited to twenty-four pages." LR 7-3(a), (b). Moreover, the rule has specific and strict requirements for seeking leave prior to filing an overly long brief. LR 7-3(c). Unlike some rules that allow for an exception for "excusable neglect," Local 7-3 provides no such exception, much less one for failure to read the rule. *See*, *e.g.*, LR 26-3 (allowing court to grant extensions after deadline after a showing of excusable neglect). Myers' ignorance of the local rules does not justify violating them, particularly when Myers is represented by competent counsel. *See Dela Rosa v. Scottsdale Mem. Health Sys., Inc*. 136 F.3d 1241, 1244 (9th Cir. 1998) ("we expect an attorney practicing law in federal court to become familiar with and follow rules applicable to practice in this court."); *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) ("[w]e recognize that a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered.")

### B. Myers failed to demonstrate good cause.

Myers argues that the style and volume of Defendants' arguments constitute good cause to exceed the page limits. However, Myers does not point to any specific arguments raised by Defendants that required a lengthy response, nor does he explain why those specific arguments require an overlong rebuttal. His vague references to Defendants' motion lack the specificity needed to establish good cause. *Echeverria v. Nevada*, 2022 WL 1046289, at *2 (D. Nev. April 7, 2022) (finding lack of good cause where defendant failed to explain why brief must be so long); *Rimini Street, Inc. v. Oracle International Corp.*, 2019 WL 2358389, at *4 (D. Nev. June 4, 2019) (good cause must be demonstrated "with specificity").

Myers also contends that he exceeded the page limits because the Defendants' motion improperly raised summary judgment arguments. As a threshold matter, Myers never raised that argument in his Opposition to Defendants' Motion to Dismiss, so it is curious that he uses that as an excuse now to justify his own rule violation. Nonetheless, Myers is incorrect. Defendants' motion properly cited to the standard for Rule 12(b)(6) motions to dismiss and used that standard to argue that Myers' Amended Complaint failed to state any plausible claims for relief.

Defendants' motion had no exhibits, nor did it cite to the sort of evidence outside the pleadings that would have converted it to a motion for summary judgment. *See* FED. R. CIV. P. 12(d). Ultimately, if Myers truly believed that he needed additional pages to respond because Defendants improperly raised summary judgment arguments, he should have filed a motion for leave beforehand.

Finally, if Defendants were able to concisely raise their arguments within the page limits, then Myers should have been able to respond to them within the page limits as well. That would have ensured the fairness between the parties the rule was designed to create. Contrary to Myers' assertions, Defendants provided concise arguments not because of a "shotgun" approach to motion practice, but because Defendants' arguments had to fit within the page limits. Likewise, Defendants had to be selective as to what they addressed in their Reply, because it was not possible to address every counterargument Myers made in his Opposition in just twelve pages. *See* ECF No. 19. Myers' overlong brief gave him an advantage and prejudiced Defendants. Granting Myers belated request now, especially after he failed to file a motion for leave, would undermine the purpose behind LR 7-3.

Myers failed to demonstrate good cause to exceed the page limits in his Opposition to Defendants' Motion to Dismiss. Accordingly, this Court should grant Defendants' Motion to Strike.

### III.   CONCLUSION

Myers' arguments justifying his failure to comply with the rules and attempting to demonstrate good cause are meritless. His admission that he simply did not consult the rules before filing his Opposition is an inadequate justification. Moreover, Myers did not establish good cause because he failed to specify what arguments in Defendants' Motion to Dismiss necessitated

. . . .

. . . .

. . . .

. . . .

. . . .

exceeding the page limits, and why. Accordingly, Defendants respectfully request that this Court grant its Motion to Strike.

DATED this 2nd day of July, 2025.

                                    JEFFRY M. DOROCAK
                                    City Attorney

                    By:     /s/ *Nechole Garcia*
                              NECHOLE GARCIA
                              Chief Deputy City Attorney
                              Nevada Bar No. 12746
                              PAUL MATA
                              Deputy City Attorney
                              Nevada Bar No. 14922
                              495 South Main Street, Sixth Floor
                              Las Vegas, NV 89101
                              Attorneys for CITY DEFENDANTS