JEFFRY M. DOROCAK
City Attorney
Nevada Bar No. 13109
By: NECHOLE GARCIA
Chief Deputy City Attorney
Nevada Bar No. 12746
By: PAUL MATA
Deputy City Attorney
Nevada Bar No. 14922
495 South Main Street, Sixth Floor
Las Vegas, NV 89101
(702) 229-6629
(702) 386-1749 (fax)
Email: ngarcia@lasvegasnevada.gov
Email: pmata@lasvegasnevada.gov
Attorneys for CITY DEFENDANTS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEREK MYERS, on behalf of himself and all other similarly situated,<br><br>         Plaintiff,<br><br>vs.<br><br>CITY OF LAS VEGAS, a political subdivision of the state of Nevada; JASON BROOKS, individually; SERGIO GUZMAN, individually; and JASON POTTS, individually,<br><br>         Defendants. | CASE NO. 2:25-cv-00562-GMN-DJA |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION**
**FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Defendants CITY OF LAS VEGAS, JASON BROOKS, SERGIO GUZMAN, and JASON POTTS ("Defendants"), through their attorneys of record, JEFFRY M. DOROCAK, City Attorney, NECHOLE GARCIA, Chief Deputy City Attorney, and PAUL MATA, Deputy City Attorney, file their response to Plaintiff Derek Myers' ("Myers") Motion for Leave to file a Second Amended Complaint. This Court should deny Plaintiff's motion because the proposed amendments would be futile.

. . . .

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Myers has waited until the eleventh hour to file a motion for leave to file a second amended complaint. However, this motion should not be granted as his proposed amendments are futile because they do not state a plausible basis for relief. To start, Myers brings his *Miranda* violation theory under the wrong constitutional amendment. The right to a *Miranda* warning does not arise under the Fourth and Fourteenth Amendments as Myers contends; rather, the right arises under the Fifth Amendment's right against self-incrimination. Regardless, the United States Supreme Court has ruled that *Miranda* violations cannot be the basis of a § 1983 claim. *Chavez v. Martinez*, 538 U.S. 760, 772 (2003). Indeed, failure to provide a *Miranda* warning does not create liability in a civil rights action. *Id*. Thus, Myers' *Miranda* violation allegation does not state a plausible claim for relief as a matter of law. Additionally, Myers' new theory that he was being detained for an unreasonable amount of time prior to his arrest does not implicate the Fourteenth Amendment as he alleges. The United States Supreme Court made clear in *Graham v. Connor* that the Fourteenth Amendment is inapplicable to claims of unlawful seizure prior to arrest. *Graham v. Connor*, 490 U.S. 386, 395 n.10. (1989). Thus, Myers' new Fourteenth Amendment allegation is also futile.

Myers simply cuts and pastes the identical theories of Fourth and Fourteenth Amendment violations into his Nevada Constitutional tort cause of action. However, this claim is also futile because the Nevada State Constitution does not have a Fourth and Fourteenth Amendment. Even if Myers had properly cited to the equivalent provisions in the Nevada constitution, his amendment would nonetheless be futile because the Nevada Supreme Court has not held that *Miranda* violations and substantive due process claims may be brought as constitutional torts. Finally, Myers' new theories of liability are based on information that has been available to him for months, and Myers fails to sufficiently explain why he waited so long to amend. For these reasons, this Court should deny Myers' Motion for Leave to File a Second Amended Complaint.

. . . .

. . . .

## II. FACTUAL BACKGROUND

Myers filed a Complaint in this matter on March 27, 2025. ECF No. 1. Prior to serving the Complaint, Myers filed a First Amended Complaint on April 7, 2025. ECF No. 2. The First Amended Complaint added Chief Jason Potts as a defendant. ECF No. 2 at 1:15. The First Amended Complaint set forth five claims for relief: 1) Violation of Federal Civil Rights under 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments; 2) Violations of Nevada Constitution/Constitutional Tort; 3) *Monell* claims; 4) Battery; 5) False Imprisonment/False Arrest; and 6) Declaratory Relief. ECF No. 2. Myers served the First Amended Complaint on Defendants on April 17, 2025. ECF No. 3. Defendants filed a Motion to Dismiss the First Amended Complaint on May 8, 2025. ECF No. 11. That motion is currently pending.

Now, on the last day to amend the complaint per the scheduling order, Myers seeks leave to file a Second Amended Complaint. *See* ECF No. 21. Myers is not attempting to add newly discovered facts to his Second Amended Complaint, nor is he adding a recently unearthed party. Instead, Myers seeks to add additional theories of liability to two existing claims, namely the § 1983 claim and the Nevada constitutional tort claim. ECF No. 29-1 at ¶¶49, 64. The new allegations provide:

> Further, Myers Fourth and Fourteenth Amendment rights were violated when he was detained longer than necessary to process an alleged traffic offense, without consent, in a non-de minimis manner and not justified by a reasonable articulable suspicion of further criminal activity, and when the officers failed to timely and properly read Myers his *Miranda* rights.

*Id*. Thus, Myers alleges that he was detained longer than necessary during his traffic stop in violation of the Fourth and Fourteenth Amendments. He further contends that the officers violated his *Miranda* rights in violation of the Fourth and Fourteenth Amendments. Curiously, Myers cut and pasted the identical language into the second claim for relief, even though the Nevada Constitution does not have a Fourth or Fourteenth Amendment.

## III. LEGAL STANDARD

Rule 15 permits a party to amend a pleading before trial once as a matter of course. FED. R. CIV. P. 15(a)(1). After that, the party must seek leave from the court, which "should freely give

leave when justice so requires." FED. R. CIV. P. 15(a)(2). Courts should liberally allow a party to amend its pleading unless there is strong evidence of: 1) undue delay, 2) bad faith, 3) prejudice to the opposing party, or 4) futility of amendment. *Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013). Futility alone can justify a court's refusal to grant leave to amend. *Bonin v Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Indeed, "futile amendments should not be permitted." *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). An amendment is futile when a plaintiff "cannot state a plausible basis for relief." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011). Finally, "a district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation of his failure to fully develop his contentions originally." *Bonin*, 59 F.3d at 845.

## IV. ARGUMENT

Myers's proposed amendment is futile because the allegations do not state a plausible claim for relief as a matter of law. His allegation of a delayed *Miranda* warning should have been brought under a Fifth Amendment cause of action, not the Fourth or Fourteenth. Regardless, the U.S. Supreme Court has clearly held that *Miranda* violations do not create civil liability under Section 1983. *Chavez*, 538 U.S. at 772. Thus, Myers' *Miranda* violation allegation fails to state a claim as a matter of law. Moreover, the remaining allegation, namely that Myers was detained too long prior to arrest, is futile because such a claim cannot be brought under the Fourteenth Amendment. Myers' allegations also fail to state a plausible Nevada constitutional tort because there is no Fourth or Fourteenth Amendment in the Nevada Constitution. More importantly, the Nevada Supreme Court has not extended the ability to bring a constitutional tort to the privilege against self-incrimination or substantive due process violations. Finally, Myers' amendment just provides a couple of new (and incorrect) theories of liability that he could have originally included in his First Amended Complaint. Thus, Myers' motion for leave should be denied.

. . . .

. . . .

### A. Amendment would be futile because there is no civil liability for *Miranda* violations as a matter of law.

Myers seeks to include a new theory that Defendants violated Myers' Fourth and Fourteenth Amendment rights by failing to "timely and properly read Myers his *Miranda* rights." ECF No. 29-1 at ¶49. However, this theory is not legally cognizable for a couple of reasons. First, the right to receive a *Miranda* warning originates under the Fifth Amendment privilege against self-incrimination. U.S. CONST. AMEND. V; *Miranda v. Arizona*, 384 U.S. 436, 467 (1966). Thus, if such a cause of action were cognizable, Myers should have brought it under the Fifth Amendment, not the Fourth or Fourteenth Amendments. *See Chavez*, 538 U.S. at 772. Second, and more important, *Miranda* violations cannot be grounds for a § 1983 action. Indeed, the United States Supreme Court has explicitly held that *Miranda* violations are not actionable under § 1983. *Id.*; *Fortson v. Los Angeles City Attorney's Office*, 852 F.3d 1190, 1194-95 (9th Cir. 2017) ("the Supreme Court has held that failure to give *Miranda* warnings does not create liability in a civil rights action.") Thus, Myers cannot plausibly claim a *Miranda* violation under § 1983 as a matter of law.

Myers uses the identical boilerplate language in the second claim for relief, where he alleges a Nevada constitutional tort. ECF No. 29-1 at ¶64. As this Court is aware, the Nevada Supreme Court held that a private right of action exists for Nevada constitutional search and seizure violations. *Mack v. Williams*, 138 Nev. 854, 867, 522 P.3d 434, 447-48 (2022). The court did not, however, provide that a private right of action exists for violations of Nevada's constitutional protection against self-incrimination. Nothing in *Mack*, or any other Nevada case, expands the ability to bring a private cause of action under the Nevada Constitution for a *Miranda* violation. Since a civil cause of action for *Miranda* violations is not recognized in Nevada or federal law, Myers' proposed amendment is futile.

### B. Amendment would be futile because the Fourteenth Amendment is inapplicable to Myers' claims as a matter of law.

Myers also posits that being detained "longer than necessary" prior to his arrest constitutes a violation of the Fourteenth Amendment. ECF No. 29-1 at ¶¶49, 64. That theory also fails to state

a plausible claim as a matter of law. The United States Supreme Court has held that allegations of improper seizure prior to arrest must be analyzed under the Fourth Amendment, and not the Fourteenth. *Graham*, 490 U.S. at 395 & n.10. Indeed, all claims that law enforcement officers committed a "'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than a 'substantive due process' approach." *Id*.   In contrast, the Fourteenth Amendment protects an individual being detained <u>after</u> arrest but before trial. *Id.* at 395 n.10; *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015). Myers' allegations of a "longer than necessary" detention pertain to the time frame prior to his arrest, so the Fourteenth Amendment is inapplicable as a matter of law. Myers' attempt to lump the Fourteenth Amendment into this allegation renders it futile.

Myers makes the identical allegation – namely, that his lengthy pre-arrest detention violates the Fourth and Fourteenth Amendments – in the second cause of action. ECF No. 29-1 at ¶64. However, the second cause of action is brought under the Nevada Constitution, and there is no Fourteenth Amendment in the Nevada Constitution. For that reason alone, Myers' proposed amendment to the second cause of action would be dismissed. Even assuming Myers meant to state the Nevada Constitutional equivalent, amendment would nonetheless be futile because the Nevada Supreme Court has not recognized a private right of action for substantive due process claims under the Nevada Constitution. *Mack*, 138 Nev. at 867, 522 P.3d at 447-48. In fact, the court explicitly declined to consider extending its holding in *Mack* to include substantive due process claims. *Id*. at 854, 522 P.3d at 439. Myers' proposed amendment is futile, so his motion for leave should be denied.

### C. The proposed amendment merely provides new theories that could have been included in the First Amended Complaint.

A court has the discretion to deny a motion to amend where the movant only provides new theories and "provided no satisfactory explanation for his failure to fully develop his contentions originally." *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (1990). That is the case here. Myers' proposed amendment does not contain any newly discovered facts or law. Rather, it merely puts forth additional theories of liability that could have been included in his First Amended Complaint,

filed over six months ago. Myers claims that he only discovered these new theories of liability after talking to a police practices expert. ECF No. 29 at 3:2-7. However, Myers was already well aware of how long he was detained prior to arrest as well as at what point the officer read his *Miranda* rights. He has also had the bodycam of the event for months. Thus, Myers could have determined months ago whether he had viable claims that he was detained "longer than necessary" prior to arrest or that the *Miranda* warning was faulty. There is no sufficient reason why Myers failed to add those theories to his First Amended Complaint. Thus, this Court should deny his motion to amend.

## V. CONCLUSION

Myers' proposed amendments are futile because they fail to state a claim as a matter of law. There is no civil liability for a *Miranda* violation under federal or state law. Moreover, claims of a prolonged detention prior to arrest cannot be brought under the Fourteenth Amendment. Rather than stating each claim with particularity, Myers simply cuts and pastes the identical language into the second cause of action, even though there is no Fourth or Fourteenth Amendment in the Nevada Constitution, nor has the Nevada Supreme Court recognized a right to bring those claims as constitutional torts. Finally, Myers presents no new facts or law; rather, he merely presents additional theories of legal liability that he could have provided in his First Amended Complaint. For these reasons, the Defendants respectfully request that this Court deny Myers' Motion to Amend.

DATED this 18th day of November, 2025.

JEFFRY M. DOROCAK
City Attorney

By: /s/ *Nechole Garcia*
NECHOLE GARCIA
Chief Deputy City Attorney
Nevada Bar No. 12746
PAUL MATA
Deputy City Attorney
Nevada Bar No. 14922
495 South Main Street, Sixth Floor
Las Vegas, NV 89101
Attorneys for CITY DEFENDANTS