**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**ALYSSA N. PIRAINO, ESQ.**
Nevada Bar No. 14601
**BREEDEN & ASSOCIATES, PLLC**
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
Alyssa@Breedenandassociates.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEREK MYERS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LAS VEGAS, a political subdivision of the state of Nevada; JASON BROOKS, individually; SERGIO GUZMAN, individually; and JASON POTTS, individually,<br><br>Defendants. | CASE NO. 2:25-cv-00562-GMN-DJA<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR ORDER TO SHOW CAUSE WHY NON-PARTY VINCENTE BUCHANAN SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH SUBPOENA DUCES TECUM** |

**TO NON-PARTY VINCENTE BUCHANAN AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on a date and time to be set by the Court, in Courtroom ___ of the United States District Court for the District of Nevada, located at 333 Las Vegas Blvd. South, Las Vegas, Nevada 89101, Plaintiff Derek Myers, on behalf of himself and all others similarly situated, will and hereby does move this Court for an Order to Show Cause directing non-party Vincente Buchanan to appear and explain why he should not be held in contempt pursuant to Federal Rule of Civil Procedure 45(g) for failing to comply with a lawfully issued and properly served subpoena duces tecum. This Motion is based upon the following Memorandum of Points and

Authorities, the pleadings and papers on file herein, any attached exhibits, and any oral argument the Court may permit.

Undersigned counsel has conferred with Nechole Garcia, Esq., counsel for Defendants, on December 19, 2025 and she does not object to this Motion.

Dated this 22nd day of December, 2025.

**BREEDEN & ASSOCIATES, PLLC**

*/s/ Alyssa N. Piraino, Esq.*

**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**ALYSSA N. PIRAINO, ESQ.**
Nevada Bar No. 14601
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

## I. INTRODUCTION

Plaintiff Derek Myers, by and through undersigned counsel, respectfully moves this Court for an Order to Show Cause as to why non-party Vincente Buchanan should not be held in contempt pursuant to Federal Rule of Civil Procedure 45(g). On September 5, 2025, Plaintiff properly served Mr. Buchanan with a subpoena duces tecum seeking testimony and production of documents relevant to this action. *See* Subpoena, attached hereto as Exhibit 1. Despite valid service and the absence of any objection, motion to quash, or request for modification, Mr. Buchanan failed to comply with the subpoena in any manner. His refusal to appear or produce documents frustrates Plaintiff's ability to gather essential evidence and undermines the integrity of the judicial process. Accordingly, Plaintiff requests that the Court order Mr. Buchanan to appear and show cause why he should not be held in contempt for his noncompliance.

## II. FACTUAL BACKGROUND

On September 5, 2025, Plaintiff served a subpoena duces tecum on non-party Vincente Buchanan pursuant to Rule 45 of the Federal Rules of Civil Procedure. *See* Exhibit 1. The subpoena commanded Mr. Buchanan to appear and produce documents relevant to Plaintiff's civil rights claims arising from alleged unlawful law enforcement practices by City of Las Vegas Marshals. *Id*. Specifically, the subpoena requested that Mr. Buchanan produce documents, electronically stored information, or tangible items at a specified time and place in connection with this pending civil action in the United States District Court for the District of Nevada, Case No. 2:25-cv-00562-GMN-DJA. *Id*.

The subpoena was lawfully served and included all required notices under Rule 45. Mr. Buchanan did not file any objections, seek to quash or modify the subpoena, or otherwise contact Plaintiff's counsel regarding the subpoena. Despite having been properly served, Mr. Buchanan failed to appear and did not produce any documents or offer any explanation for his noncompliance. As of the date of this filing, he has not made any effort to respond or justify his failure to comply. Mr. Buchanan's failure to comply with the subpoena has impeded Plaintiff's ability to obtain discovery that is central to the prosecution of this case and warrants an order requiring him to appear and show cause why he should not be held in contempt pursuant to Rule 45(g).

### III. LEGAL STANDARD

FRCP 45 governs the issuance and enforcement of subpoenas in civil litigation. Under Rule 45(g), a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." This contempt power extends to non-parties who disregard subpoenas, even without an underlying court order, provided the subpoena is valid, properly served, and not quashed or modified.

Contempt under Rule 45 requires clear and convincing evidence of a valid subpoena, notice to the non-party, a deadline for compliance, and a failure to comply without justification. In *Forsythe v. Brown*, the court recommended contempt sanctions against a nonparty who wholly failed to respond to a subpoena or file a motion to quash. 281 F.R.D. 577, 587 (D. Nev. 2012) (relying on Ninth Circuit precedent including *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992)).

Courts recognize that contempt sanctions may be compensatory or coercive, including fines, attorney's fees, and in egregious cases, conditional confinement. In *United States v. Ayres*, the Ninth Circuit affirmed civil contempt orders designed to compel compliance and protect the court's authority. 166 F.3d 991, 995 (9th Cir. 1999). Likewise, in *Gifford v. Heckler*, the court upheld contempt sanctions for failing to honor judicial process, emphasizing the "wide latitude" courts have to determine whether there has been "contemptuous defiance" of their authority. 741 F.2d 263, 266 (9th Cir. 1984) (citing *Neebars, Inc. v. Long Bar Grinding, Inc.*, 438 F.2d 47, 48 (9th Cir. 1971)).

A subpoena recipient's silence or non-response is not a valid excuse. As the court in *Sprint Nextel Corp. v. Ace Wholesale, Inc.*, observed, "[t]he non-responsive third parties' non-compliance with subpoenas combined with their failure to show cause why they did not comply with the subpoenas constitutes contempt-worthy conduct. No. 2:14-cv-2119-RFB-VCF, 2016 U.S. Dist. LEXIS 82516, at *5 (D. Nev. Mar. 9, 2016). Accordingly, where a nonparty fails to object, move to quash, or otherwise respond, contempt may be imposed under Rule 45(g) without the need for further order or warning. The Court retains broad discretion to enforce its subpoenas and ensure compliance with the judicial process.

/ / /

## IV. ARGUMENT

Non-party Vincente Buchanan should be held in contempt under Federal Rule of Civil Procedure 45(g) for failing to comply with a valid and properly served subpoena. On September 5, 2025, Plaintiff served a subpoena duces tecum directing Mr. Buchanan to appear and produce documents relevant to Plaintiff's claims in this action. The subpoena was lawfully issued in accordance with Rule 45(a), identified the time, date, and place of compliance, and was personally served. *See* Exhibit 1, Subpoena to Vincente Buchanan.

Prior to being served, it appears that Mr. Buchanan attempted to evade service and made it clear that he had no intent to comply with any subpoena issued in this matter. In fact, on September 4, 2025, Mr. Buchanan spoke with a representative of Legal Wings, the process server retained by Plaintiff to serve Mr. Buchanan, and told that representative that he "did not want to be involved and [would] not turn over any records." *See* September 4, 2025 email from Legal Wings, attached hereto as Exhibit 2. At his request, Legal Wings sent a courtesy copy of the subpoena via text to Mr. Buchanan. *Id.* That same day, presumably after receiving the courtesy copy, Mr. Buchanan contacted Plaintiff's counsel and spoke with paralegal Kirsten Brown. *See* Declaration of Kirsten Brown, attached hereto. During this phone call, Mr. Buchanan raised his voice, explicitly stated that he would not be complying with the subpoena duces tecum, and threatened to take legal action against Plaintiff and/or Plaintiff's counsel if he was not left alone. *Id.* The following day, Mr. Buchanan was located and properly served at approximately 8:35pm.

Despite proper service, Mr. Buchanan failed to comply with the valid and properly served subpoena. Not surprisingly, given his prior statements, he did not appear and did not produce any responsive materials on or before September 12, 2025. Despite Mr. Buchanan indicating that his own attorney would be in contact with our office, Plaintiff's counsel never heard from counsel purporting to be retained by Mr. Buchanan. He also did not file a motion to quash and has offered no legal justification for his failure to act or attend. His total noncompliance obstructs Plaintiff's ability to obtain relevant discovery and undermines the integrity of the Court's subpoena power.

Rule 45 provides that "[t]he court for the district where compliance is required... may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena

or an order related to it." Fed. R. Civ. P. 45(g). This standard is well-established and routinely enforced. As courts have repeatedly held, noncompliance with a subpoena—especially where the non-party has also failed to explain or excuse the non-compliance—constitutes contempt-worthy conduct. *See Sprint Nextel Corp.*, No. 2:14-CV-2119-RFB-VCF, 2016 WL 8376331; *Forsythe,* 281 F.R.D. 577, 587 (recommending that a non-party be held in contempt for failure to comply with subpoena, citing *Stone*, 968 F.2d 850, 856). Given his statements, it is clear that Mr. Buchanan's noncompliance was willful. Perhaps worse, Mr. Buchanan threatened legal action if Plaintiff and his counsel continued to pursue the issue. His behavior demonstrates complete disrespect and disregard for the judicial process and this obstructionist behavior seems to be the exact type that courts have routinely found to be contempt-worthy.

The Ninth Circuit has long affirmed that civil contempt is appropriate where a party or non-party fails to comply with a clear court order—such as a subpoena —without adequate excuse. *See Sprint Nextel Corp.*, 2016 WL 8376331, at *2; *see also Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984). Accordingly, Plaintiff respectfully requests that the Court issue an Order to Show Cause requiring Mr. Buchanan to personally appear and explain his noncompliance, and—if no adequate justification is provided—hold him in contempt and impose coercive sanctions sufficient to compel future compliance.

[remainder of page intentionally blank]

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an Order to Show Cause requiring non-party Vincente Buchanan to personally appear before this Court and explain why he should not be held in contempt pursuant to Federal Rule of Civil Procedure 45(g) for failing to comply with a duly served subpoena duces tecum. Plaintiff further requests that the Court impose appropriate coercive or compensatory sanctions should Mr. Buchanan fail to appear or fail to offer adequate justification for his noncompliance, and grant any other relief the Court deems just and proper.

DATED this 22nd day of December, 2025.

**BREEDEN & ASSOCIATES, PLLC**

*/s/ Alyssa N. Piraino, Esq.*
_____
**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**ALYSSA N. PIRAINO, ESQ.**
Nevada Bar No. 14601
7432 W. Sahara Ave., Suite 101
Las Vegas, Nevada 89117
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
Alyssa@Breedenandassociates.com
*Attorneys for Plaintiff*

**DECLARATION OF COUNSEL ALYSSA N. PIRAINO, ESQ.
IN SUPPORT OF PLAINTIFF'S MOTION**

STATE OF NEVADA      )
                     ) ss.
COUNTY OF CLARK      )

I, Alyssa N. Piraino, do hereby state as follows:

1) I am an attorney licensed to practice in the State of Nevada, Bar No. 14601, and counsel of record for Plaintiff Derek Myers in this matter. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

2) On August 18, 2025, our office provided defense counsel with our Notice of Intent to Serve a Subpoena Duces Tecum to Vincente Buchanan. *See* NOI to Serve SDT, attached hereto as Exhibit 3.

3) On August 28, 2025, our office contacted Legal Wings to serve Mr. Buchanan.

4) Legal Wings unsuccessfully attempted to serve Mr. Buchanan on 8/29/25, twice on 8/30/25, and 9/3/25. *See* September 3, 2025 email from Legal Wings, attached hereto as Exhibit 4. When those attempts were unsuccessful, Legal Wings initiated a skip trace. *Id.*

5) On September 4, 2025, I received an email from Cathy at Legal Wings informing me that their office had finally been in contact with Mr. Buchanan and he had informed Cathy that he "did not want to be involved and [would] not turn over any records." *See* September 4, 2025 email from Legal Wings, attached hereto as Exhibit 2.

6) On September 4, 2025, I was informed that Mr. Buchanan had contacted our office related to the subpoena and indicated that he would not be complying with said subpoena. *See* Declaration of Kirsten Brown, attached herewith.

7) On September 5, 2025, Mr. Buchanan was located and personally served by Doug Roberts, a non-party over the age of eighteen (18), at approximately 8:35pm.

8) Mr. Buchanan failed to provide the documents commanded by subpoena duces tecum and/or appear at Breeden & Associates, PLLC on or before September 12, 2025.

9) This Declaration is submitted in support of Plaintiff's Motion for Order to Show Cause. Plaintiff files the Motion in good faith and not for the purpose of delay.

8

Pursuant to 28 USC § 1746, I declare under penalty of perjury that the foregoing is true and correct.

                                      */s/ Alyssa N. Piraino*                       12/22/25

                                      **ALYSSA N. PIRAINO, ESQ.**            **Date**

# DECLARATION OF KIRSTEN BROWN
# IN SUPPORT OF PLAINTIFF'S MOTION

STATE OF NEVADA       )
                      ) ss.
COUNTY OF CLARK       )

I, Kirsten Brown, do hereby state as follows:

1) I am a paralegal employed by Breeden & Associates, PLLC, attorneys of record for Derek Myers in the above-entitled action. I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

2) On September 4, 2025, I received an alert from Breeden & Associates Call Center stating that an individual named Vincente had called and asked to speak with someone at our office. Shortly thereafter, I called Vincente back.

3) During our conversation on September 4, 2025, Mr. Vincente Buchanan was extremely rude and disrespectful. He raised his voice and threatened to take legal action against Plaintiff Derek Myers and our firm. He further stated that he was refusing to provide us with any documents, videos, or footage.

4) Mr. Buchanan did not inform me that he was recording the September 4, 2025 phone conversation, but I got the impression that he may have been doing so.

5) I have not heard from Mr. Buchanan since that phone call on September 4, 2025.

6) This Declaration is submitted in support of Plaintiff's Motion for Order to Show Cause.

Pursuant to 28 USC § 1746, I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| */s/ Kirsten Brown* | 12/22/25 |
| **KIRSTEN BROWN** | **Date** |

10

## INDEX OF EXHIBITS

| # | Description |
|---|---|
| 1. | Subpoena Duces Tecum to Vincente Buchanan |
| 2. | September 4, 2025 Email from Legal Wings |
| 3. | Notice of Intent to Serve Subpoena Duces Tecum to Vincente Buchanan |
| 4. | September 3, 2025 Email from Legal Wings |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of December, 2025, I served a copy of the foregoing legal document **PLAINTIFF'S UNOPPOSED MOTION FOR ORDER TO SHOW CAUSE WHY NON-PARTY VINCENTE BUCHANAN SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH SUBPOENA DUCES TECUM** via the method indicated below:

| | |
|---|---|
| X | Through the Court's ECF/CM system on all registered users |
| | Pursuant to FRCP 5, by placing a copy in the US mail, postage pre-paid to the following counsel of record or parties in proper person:<br><br>Vincente Buchanan<br>2701 N. Rainbow Blvd., Apt. 1145<br>Las Vegas, Nevada 89108 |
| | Via receipt of copy (proof of service to follow) |

An Attorney or Employee of the following firm:

*/s/ Kirsten Brown*
**BREEDEN & ASSOCIATES, PLLC**