UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Derek Myers, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>City of Las Vegas, a political subdivision of the State of Nevada; Jason Brooks, individually; Sergio Guzman, individually; and Jason Potts, individually,<br><br>　　　　　　　　　Defendants. | Case No. 2:25-cv-00562-GMN-DJA<br><br>**Order** |

　　　This is a civil rights action arising out of Plaintiff Derek Myers' allegation that the City of Las Vegas Marshals exceeded their territorial jurisdiction.  Specific to him, Plaintiff alleges that Officers Jason Brooks and Sergio Guzman pulled him over outside of their jurisdiction on January 9, 2025, searched his vehicle and person, conducted a nystagmus test, arrested him, and detained him for seventeen hours, which arrest and detention did not result in criminal charges. Plaintiff, on his behalf and on behalf of others similarly situated, sues Defendants the City of Las Vegas, Brooks, Guzman, and Jason Potts for damages and declaratory relief.  Plaintiff alleges claims for violation of the Fourth and Fourteenth Amendment, violation of the Nevada Constitution/constitutional tort, *Monell* liability, battery, false imprisonment/false arrest, and for declaratory relief.

　　　Plaintiff now timely moves to amend his complaint.  (ECF No. 29).  He seeks to allege that officers failed to timely and properly administer his *Miranda* rights and improperly prolonged the traffic stop longer than necessary to seek evidence of a DUI offense for which they lacked probable cause to believe occurred initially.  Plaintiff explains that, while preparing experts, his police practices expert brought these potential claims to the attention of his counsel.

Defendants oppose the motion, arguing that the amendments are futile and that Plaintiff knew about and could have brought his new claims from the start. (ECF No. 31). Regarding futility, Defendants assert that the *Miranda* claim is properly brought under the Fifth Amendment, rather than the Fourth or Fourteenth as Plaintiff's proposed amendment provides. But in any event, Defendants argue that the United States Supreme Court has held that *Miranda* violations are not actionable under 42 U.S.C. § 1983.[1] Defendants argue that Plaintiff's claims for improper seizure prior to arrest arise under the Fourth, rather than the Fourteenth Amendment, and are therefore also futile. Defendants also point out that Plaintiff copied and pasted his new allegations asserting that Defendants violated the Fourth and Fourteenth Amendments into his section seeking relief under the *Nevada* Constitution, which lacks a Fourteenth Amendment.

In reply, Plaintiff asserts that it was reasonable for him to rely on his expert to confirm that he could bring these claims. (ECF No. 32). He emphasizes that his motion is timely under the discovery plan. He also attaches an edited proposed amendment adding the Fifth Amendment language and removing the Fourth and Fourteenth Amendment language from the Nevada constitutional claim. He asserts that, even though the Supreme Court has foreclosed 42 U.S.C. § 1983 actions based on *Miranda*, he wishes to preserve the matter for appeal.

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). The nonmovant bears the burden of showing why amendment should not be granted. *Senza-Gel*

---

[1] Citing *Fortson v. Los Angeles City Attorney's Office*, 852 F.3d 1190, 1194-95 (9th Cir. 2017) (citing *Chavez v. Martinez*, 538 U.S. 760 (2003)).

*Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment bears the burden of showing prejudice"); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 2:19-v-1602-JCM-EJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, No. 3:14-CV-00222-HDM, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("party opposing the amendment carries the burden of showing why leave to amend should not be granted.").

An amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "Denial of leave to amend on [futility grounds] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or a motion for summary judgment." *Id.* (internal citations omitted).

Here, considering the liberal standards for allowing leave to amend and the fact that Defendants carry the burden of showing why amendment should not be granted, the Court grants Plaintiff's motion to amend. Defendants' primary arguments against Plaintiff's amendment concern futility. However, denial of leave to amend on futility grounds is rare and it is not clear that no set of facts can be proved under Plaintiff's amendment that would constitute a valid claim. Defendants' arguments are thus better developed through a motion to dismiss. Additionally, the Court finds that it was not undue delay for Plaintiff to rely on his expert to confirm that he had an actionable claim before bringing it, particularly because Plaintiff brought this claim before the deadline to amend pleadings and add parties had passed. The Court therefore grants Plaintiff's motion to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 29) is **granted.** Plaintiff must file and serve the amended pleading as required by Local Rule 15-1(b).

DATED: March 11, 2026

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE