JEFFRY M. DOROCAK
City Attorney
Nevada Bar No. 13109
By: NECHOLE GARCIA
Chief Deputy City Attorney
Nevada Bar No. 12746
By: PAUL MATA
Deputy City Attorney
Nevada Bar No. 14922
495 South Main Street, Sixth Floor
Las Vegas, NV 89101
(702) 229-6629
(702) 386-1749 (fax)
Email: ngarcia@lasvegasnevada.gov
Email: pmata@lasvegasnevada.gov
Attorneys for CITY DEFENDANTS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEREK MYERS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LAS VEGAS, a political subdivision of the state of Nevada; JASON BROOKS, individually; SERGIO GUZMAN, individually; and JASON POTTS, individually,<br><br>Defendants. | CASE NO. 2:25-cv-0562-GMN-DJA |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION TO EXCEED PAGE LIMITS**

Defendants CITY OF LAS VEGAS, JASON BROOKS, SERGIO GUZMAN, and JASON POTTS, through their attorneys of record, JEFFRY M. DOROCAK, City Attorney, NECHOLE GARCIA, Chief Deputy City Attorney, and PAUL MATA, Deputy City Attorney, hereby oppose Plaintiff's Motion to Exceed Page Limits pursuant to U.S. District Court of Nevada Local Rules 7-3. Plaintiff's Motion to Exceed Page Limits should be denied because Plaintiff failed to demonstrate the requisite good cause.

. . . .

This motion is based upon the pleadings and papers on file herein, the following points and authorities, and any oral argument that the Court may entertain.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      <u>ARGUMENT</u>**

**A.  Myers Failed Show Good Cause for Exceeding the Page Limit.**

The Local Rules for the U.S. District Court of Nevada very clearly set forth page limits for motions, responses and replies. All motions and responses, except for summary judgment, are limited to twenty-four (24) pages. LR 7-3(b).    The court's rule on page limits serves several important purposes.    First, page limits promote judicial economy. *Fleming v. County of Kane, State of Ill.*, 855 F.2d 496, 497 (7th Cir. 1988). Page limits also encourage the litigants to make concise arguments. *Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 766 (D. Ariz. 2012); *Morgan v. South Bend Community School Corp.*, 797 F.2d 471, 480 (7th Cir. 1986).  It is undoubtedly for those reasons that the U.S. District Court of Nevada has provided that requests to exceed the page limits are disfavored and will not be routinely granted unless a motion is filed in advance that demonstrates good cause. LR 7-3(c).    The motion "must be accompanied by a declaration stating **in detail** the reasons for, and number of, additional pages requested." *Id.* (emphasis added).

Here, Myers has failed to demonstrate the requisite good cause. His claim that this case itself is so "complex" that he needs to exceed the page limits is incorrect. Currently, there is just one Plaintiff in this case; there is a not a class of hundreds or thousands. The only claims that Defendants seek to have dismissed are the six claims for relief belonging to Myers, not to a class. A bald assertion that a case is "complex" is insufficient to establish just cause. *See Echeverria v. Nevada*, 2022 WL 1046289, at *2-3 (D. Nev. Apr. 7, 2022) (State's assertion that case was "complex collective action" not enough to show good cause). The fact that this case <u>may</u> involve class members down the line does not provide just cause for exceeding the page limits now.

Myers' claim that he needs to exceed the page limits to respond to Defendants' arguments fails to demonstrate good cause as well.  As a threshold matter, Myers declaration is woefully deficient in this regard. He fails to explain what specific arguments Defendants raise that are so

–2–

complex that he must exceed the page limits to respond.  Indeed, this is not a case where Defendants made so many arguments they exceeded the page limits, provided a lengthy fact section, or attached several exhibits that Myers simply cannot address within the page limits. *See, e.g., Matthys v. Barrick Turquoise Ridge, Inc.*, 2023 WL 6383312, at *1 (D. Nev. Sept. 29, 2023). Nor is Defendants' motion to dismiss a thinly veiled motion for summary judgment as Myers contends.  Rather, Defendants properly brought a Motion to Dismiss because Myers failed to state plausible claims for relief as a matter of law as required by Rule 12(b)(6).   Defendants managed to raise all of their arguments in a concise manner that fit within the page limits. If Defendants could raise their arguments within the page limits, then surely Myers can respond to Defendants' arguments within those same limits.

Finally, Myers' contention that his brief "would likely not be in the top 100 longest briefs the Court hears this year" is not only unavailing, it also shows a disregard for the importance of judicial economy. ECF No. 46 at 3:1-3. Just because this Court can read a longer brief does not mean that it is a good use of its resources to do so. Moreover, claiming that "it could be worse" in terms of page length does not constitute good cause. For these reasons, Myers' motion should be denied.

## II.     CONCLUSION

Myers failed to demonstrate good cause to exceed the page limits. His declaration lacks the sufficient detail required to show good cause.  Further, his cursory claims that the case and Defendants' claims are so complex he must exceed the page limits is unavailing.   Thus, the Defendants respectfully request that this Court deny Plaintiff's Motion to Exceed the Page Limits.

DATED this 13th day of April, 2026.

JEFFRY M. DOROCAK
City Attorney


By:     /s/ *Nechole Garcia*
NECHOLE GARCIA
Chief Deputy City Attorney
Nevada Bar No. 12746
495 South Main Street, Sixth Floor
Las Vegas, NV 89101
Attorneys for CITY DEFENDANTS