**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**BREEDEN & ASSOCIATES, PLLC**
376 E. Warm Springs Road, Suite 120
Las Vegas, NV 89119
Phone: (702) 819-7770
Fax: (702) 819-7771
Adam@Breedenandassociates.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEREK MYERS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LAS VEGAS, a political subdivision of the state of Nevada; JASON BROOKS, individually; SERGIO GUZMAN, individually; and JASON POTTS, individually,<br><br>Defendants. | CASE NO. 2:25-cv-00562-GMN-DJA<br><br>**PLAINTIFF'S RESPONSE TO NON-PARTY VINCENTE BUCHANAN'S STATEMENT (ECF NO. 57)** |

Plaintiff Derek Myers, on behalf of himself and all others similarly situated, by and through his counsel of record, Breeden & Associates, PLLC, respectfully submits this Response to the Statement of Non-Party Vincente Buchanan (ECF No. 57), filed in advance of the show cause hearing set for September 1, 2026. This Response is based on the following memorandum of points and authorities, the papers and pleadings on file, the exhibits attached hereto, and any argument the Court may entertain at the hearing.

## I. INTRODUCTION

This is a putative civil rights class action arising from the practice of the City of Las Vegas Marshals conducting traffic stops, searches, and arrests outside the territorial limits of their statutory authority. (ECF No. 5). Non-party Vincente Buchanan ("Buchanan") publicly posted video, under the account "Sin City Responders," documenting several Marshals, including Defendant Guzman, conducting the same kind of extra-jurisdictional stops at issue in this case. That footage bears

directly on whether the stop of Plaintiff and other class members was an isolated event or one instance of a widespread practice. Also, so far on at least one other video from another source, a frank discussion of jurisdiction was captured.

Plaintiff served Buchanan with a subpoena for that footage nearly a year ago. Buchanan refused to comply, refused to appear, and threatened to sue Plaintiff and his counsel, but he never objected, never moved to quash the subpoena, and never asserted any privilege. (ECF No. 33; ECF No. 55 at 4). His one-page Statement does not cure those failures. His filing cites no authority, asserts no privilege, does not contend that the subpoena is overbroad or burdensome, and does not deny that he possesses responsive materials. It offers only generalized assertions of personal strain and unspecified safety concern, neither of which is a lawful basis to disregard a subpoena.

Plaintiff does not seek to punish Buchanan; Plaintiff merely seeks the footage he has. Buchanan now represents that he is willing to comply with whatever lawful obligation the Court identifies for him as a non-party. (ECF No. 57). Plaintiff therefore requests that the Court order Buchanan to produce all responsive materials by a date certain and, should he again fail, certify the facts of his non-compliance to the District Judge under 28 U.S.C. § 636(e)(6)(B).

## II. FACTUAL AND PROCEDURAL HISTORY

### A. The subpoena seeks direct evidence of the Marshals' extra-jurisdictional enforcement.

Plaintiff alleges that on January 9, 2025, City of Las Vegas Marshals Brooks and Guzman stopped, searched, arrested, and detained him for roughly seventeen hours for conduct outside the Marshals' territorial jurisdiction, and that the Marshals engaged in the same practice on many other occasions. (ECF No. 55 at 1). Plaintiff brings this action on behalf of a proposed class of persons detained, searched, or arrested by the Marshals outside the limits of property owned, leased, or controlled by the City, a question that turns on the scope of the Marshals' authority under NRS § 280.125(3). (ECF No. 5).

Plaintiff's investigation identified video, posted publicly under the youtube account "Sin City Responders," depicting City Marshals, including Defendant Guzman, conducting stops of the kind alleged in this case. That footage is relevant under Fed. R. Civ. P. 26(b)(1). It bears on whether the stop of Plaintiff was an isolated event or one example of a widespread practice, and on the

numerosity and commonality of the proposed class.

Records obtained by Plaintiff further indicate that Buchanan did not gather this footage as a disinterested bystander. Correspondence between Buchanan and the City of Las Vegas Department of Public Safety reflects that he documented the Marshals' activity in coordination with the department. (Correspondence between Buchanan and the Department of Public Safety, *Ex. 1*). A response to Plaintiff's public-records request reflects that the department compensated Buchanan for that work. (Department of Public Safety records-request response, *Ex. 2*). Buchanan simply has video and other documents that are relevant to the facts of this case.

**B. <u>Buchanan refused to comply, and the Court set a show cause hearing.</u>**

On August 18, 2025, Plaintiff served a notice of intent to subpoena Buchanan. (ECF No. 33-3). Plaintiff's process server then attempted service at Buchanan's residence four times between August 29 and September 3, 2025. (ECF No. 33-4). On September 4, 2025, before service was completed, Buchanan told the process server that he "did not want to be involved and [would] not turn over any records." (ECF No. 33-2). That same day, Buchanan called Plaintiff's counsel's office, refused to comply, and threatened to take legal action against Plaintiff and his counsel. (ECF No. 33 at 10). Buchanan was personally served the following day, September 5, 2025. (ECF No. 33 at 5). He produced nothing and did not appear by the September 12, 2025 compliance date, and he never objected, moved to quash, or had counsel contact Plaintiff. (ECF No. 33 at 5; ECF No. 55 at 4). By any account, he simply ignored a valid subpoena from this Court. It is worth noting that the Defendants similarly have not objected to the subpoena in any way.

## III. <u>LEGAL STANDARD</u>

A court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Because a magistrate judge is not authorized to adjudicate the contempt of a non-party, the magistrate judge instead certifies the facts to the district judge, who determines whether the conduct constitutes contempt. 28 U.S.C. § 636(e)(6)(B).

Civil contempt is the failure to take all reasonable steps within a party's power to comply with a specific and definite court order. *GoVideo, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693,

695 (9th Cir. 1993). The contempt need not be willful, and there is no good-faith exception to the duty to obey, although a person is not in contempt where his conduct rests on a good-faith and reasonable interpretation of the order. *Id.* The party alleging contempt must prove the violation by clear and convincing evidence. *Id.* Sanctions may be coercive, compensatory, or both. *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986).

A non-party who objects to a subpoena must act, they are not simply free to ignore it. The Rules require a written objection served before the compliance deadline, or a timely motion to quash or modify, and they place on the movant the burden of showing that a ground for relief applies. Fed. R. Civ. P. 45(d)(2)(B), (d)(3). A subpoena is quashed or modified only on defined grounds, such as a failure to allow reasonable time to comply, an undue burden, or a requirement to disclose privileged matter. Fed. R. Civ. P. 45(d)(3)(A). The permissible scope of a subpoena is broad: any nonprivileged matter relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

## IV. <u>LAW AND ARGUMENT</u>

### A. <u>Buchanan's Statement identifies no adequate excuse for a year of non-compliance.</u>

Buchanan was served with a valid subpoena on September 5, 2025, and has produced nothing in the year since. (ECF No. 33 at 5). Under Fed. R. Civ. P. 45(g), that non-compliance is sanctionable unless he shows an adequate excuse, and his Statement shows none. It cites no authority. It asserts no privilege. It does not contend that the subpoena is overbroad, unduly burdensome, or seeks protected matter. It does not deny that Buchanan possesses responsive materials. (ECF No. 57).

A non-party who believes a subpoena is improper has a defined path: a written objection, or a motion to quash or modify. Fed. R. Civ. P. 45(d)(2)(B), (d)(3). Buchanan took neither step, and the time to do so passed long ago. The Court has already found, or stated in its Order, that he was aware of the subpoena, told counsel he would not comply, was served, and then failed to comply or respond. (ECF No. 55 at 4). Nothing in the Statement disturbs those findings. Even construed liberally, as a pro se non-party's filing should be, the Statement supplies no excuse the Rules recognize.

**B. <u>The footage is relevant whether Buchanan acted independently or with the City, and his affiliation does not bear on his duty to comply.</u>**

Buchanan devotes most of his Statement to denying any affiliation with the City's Department of Public Safety and to casting himself as an independent citizen who filmed in public places. (ECF No. 57). That misapprehends both why the footage matters and what the subpoena requires.

First, the footage is relevant either way. Whether Buchanan filmed as an independent citizen or in coordination with the department (the email proves the latter), his recordings depict City Marshals, including Defendant Guzman, conducting the very stops at issue in this case. That evidence speaks to whether Plaintiff's stop was isolated or one instance of a widespread practice, and to the numerosity and commonality of the proposed class. Fed. R. Civ. P. 26(b)(1). Relevance does not turn on the videographer's motives.

Second, to the extent Buchanan represents that he was wholly independent, the record indicates otherwise. Correspondence between Buchanan and the department reflects coordination in documenting the Marshals' activity. (Correspondence between Buchanan and the Department of Public Safety, *Ex. 1*). A response to Plaintiff's public-records request reflects that the department paid him for that work. (Department of Public Safety records-request response, *Ex. 2*). The point is not to resolve Buchanan's status now. It is that his factual premise is contestable, and the way to test it is the production he refuses to make.

**C. <u>Buchanan's generalized concerns about strain and safety are not a lawful basis to disregard a subpoena.</u>**

Buchanan states that this matter has caused him strain and that he has experienced “repeated unwanted contact,” including individuals appearing at his residence and contacting him by telephone, which he says has left him feeling unsafe. (ECF No. 57). The record supplies the explanation for that contact, which is lawful.

The only contact the record reflects (and the only known to Plaintiff’s counsel) is lawful service of process and Buchanan's own outreach. Plaintiff's process server made four documented attempts to serve Buchanan at his residence between August 29 and September 3, 2025. (ECF

No. 33-4). Buchanan himself then called Plaintiff's counsel's office on September 4, 2025. (ECF No. 33 at 10). He was personally served on September 5, 2025. (ECF No. 33 at 5). Buchanan does not identify any threat, message, or act by Plaintiff or his counsel, and counsel is aware of none beyond the service reflected in the record and the pleadings served in this case.

Service of a subpoena, and lawful attempts to accomplish that service, are not grounds to refuse compliance. Nor are they threatening a third party. A non-party who genuinely fears burden or harm has a remedy: a motion to quash or modify, or for a protective order, through which the Court can impose conditions that address a specific and substantiated concern. Fed. R. Civ. P. 45(d)(3); Fed. R. Civ. P. 26(c). Generalized and unsubstantiated concern, untethered to any conduct by a party, is not among the grounds on which a subpoena may be set aside, and it is not an adequate excuse under Fed. R. Civ. P. 45(g) for noncompliance.

**D. <u>The appropriate relief is an order to produce by a date certain, with certification if Buchanan again fails.</u>**

Buchanan closes by representing that he is willing to comply with whatever lawful obligation the Court identifies for him as a non-party. (ECF No. 57). Plaintiff takes him at his word. Plaintiff's objective is the footage and related materials, not sanctions for their own sake.

The Court should therefore order Buchanan to produce all materials responsive to the subpoena and certify the facts of contempt. Should Buchanan comply, the matter is resolved. However, his current state of contempt is beyond question.

[remainder of page intentionally blank]

## V. CONCLUSION

Buchanan was served with a valid subpoena a year ago and has offered no adequate excuse for ignoring it. His Statement cites no authority, asserts no privilege, and does not deny that he holds the materials Plaintiff seeks. Plaintiff respectfully requests that the Magistrate Judge certify the facts of his non-compliance to the District Judge under 28 U.S.C. § 636(e)(6)(B)(iii), together with any further relief the Court deems just and proper.

Dated this 25th day of August, 2026.

**BREEDEN & ASSOCIATES, PLLC**

*/s/ Adam J. Breeden, Esq.*

**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
376 E. Warm Springs Rd., Suite 120
Las Vegas, NV 89119
Phone: (702) 819-7770
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August, 2026, I served a copy of the foregoing legal document **PLAINTIFF'S RESPONSE TO NON-PARTY VINCENTE BUCHANAN'S STATEMENT (ECF NO. 57)** via the method indicated below:

| | |
|---|---|
| X | Through the Court's ECF/CM system on all registered users |
| X | Pursuant to FRCP 5, by placing a copy in the US mail, postage pre-paid to the following counsel of record or parties in proper person:<br>Vincente Buchanan<br>5150 Duke Ellington Way, Apartment 405<br>Las Vegas, Nevada 89119 |
| | Via receipt of copy (proof of service to follow) |

An Attorney or Employee of the following firm:

/s/ Kirsten Brown

**BREEDEN & ASSOCIATES, PLLC**