**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Derek Myers, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>City of Las Vegas, Jason Brooks, Sergio Guzman, Jason Potts,<br><br>Defendants. | Case No. 2:25-cv-00562-GMN-DJA<br><br>**Order** |

In the afternoon on January 9, 2025, Las Vegas City Marshals Jason Brooks and Sergio Guzman pulled Plaintiff Derek Myers over for alleged moving traffic violations. Brooks and Guzman searched Myers' person and vehicle, arrested Myers, and detained him for about seventeen hours. No criminal charges resulted from the encounter. Myers then filed this class action complaint against Brooks; Sergio; the City of Las Vegas; and the Chief for the City of Las Vegas Department of Public Safety (which department oversees the City Marshals), Jason Potts. (ECF No. 1). Myers' claims arise out of his allegation that the City Marshals arrested him outside of their territorial jurisdiction and acted extra jurisdictionally on countless other occasions.

Defendants moved to compel Myers to produce his communications with third party Doug Roberts in response to one of Defendants' requests for production. (ECF No. 34). The Court denied that motion without prejudice so that the parties could file a renewed motion or motions focused solely on the work product doctrine, could submit the communications at issue in camera for the Court's review, and could attach the communications Myers had already produced so that the Court could determine whether Myers had waived the protections of the work product doctrine. (ECF No. 55).

Defendants now move on a renewed basis to compel Plaintiff to produce the communications and have attached certain communications between Myers and Roberts produced

to them in the litigation already. (ECF No. 58). Myers has responded and submitted the communications over which he claims work product protections in camera.[1] (ECF Nos. 63, 64). Defendants have filed a reply. (ECF No. 71). Having reviewed the communications in camera, the Court finds that the work product doctrine protects them from disclosure, that Myers has not waived that protection, and that Defendants have not shown substantial need for the materials. The Court therefore denies Defendants' renewed motion.

First, the work product doctrine protects the communications. The communications were made in anticipation of litigation by Myers' hired researcher and representative, Roberts. *See* Fed. R. Civ. P. 26(b)(3); *see United States v. Nobles*, 422 U.S. 225, 238-39 (1975) (concluding that the work product doctrine applies to documents created by investigators working for attorneys, provided that the documents were created in anticipation of litigation). So, they qualify for work product protection. This includes dual purpose communications, included in MYERS 002101-103, 2111-2149, and 2188-2199, because although they were made for the purpose of informing a third-party journalist about certain facts, they were also made for the purpose of preparing for litigation. The Court finds that these communications were thus made "because of" the litigation and so, retain work product protection. *See United States v. Richey*, 632 F.3d 559, 567–68 (9th Cir. 2011).

Second, Myers has not waived the work product protection over the withheld communications by Defendants' receipt of certain other communications between Myers and Roberts. Defendants attached two forms of disclosures that they assert waive the work product protection over withheld communications: (1) a recorded phone call between Myers and Roberts, captured on Roberts' dash camera; and (2) certain of Myers' and Roberts' public X posts.[2]

---

[1] There are three documents that Myers has included in his in camera production that do not appear in his privilege log: MYERS 002108-2110. The Court's analysis herein does not extend to those documents for that reason.

[2] Myers points out that he also produced MYERS 001735-1740 to Defendants, but that Defendants do not include these attachments to their motion. (ECF No. 63 at 4). It does not appear that Myers has attached those documents either. However, because Defendants do not raise these documents in their waiver arguments, the Court does not address them further.

However, testimony about or production of materials protected by the work product doctrine to an adversary constitutes a waiver of the privilege "only as to that subject." *See* Fed. R. Evid. 502(a)(2) (explaining that waiver extends to undisclosed communications or information that "concern the same subject matter" as the disclosed communications or information); *Hernandez v. Tanninen*, 604 F.3d 1095, 1098, 1100 (9th Cir. 2010). Defendants ask the Court to interpret the "subject" of the call and the X posts to be "factual information regarding the January 9th incident," "facts regarding Myers' intent to sue Defendants and 'make case law' before the incident," and "facts and commentary regarding the marshal's conduct and authority." (ECF No. 71 at 2). This interpretation is too broad. The Court must construe waiver narrowly. *See Hernandez*, 604 F.3d at 1098, 1100-1101 (finding that the district court erred in finding a blanket waiver of the work product privilege as to the entire case). In doing so, the Court finds that Myers has not waived the work product protection over the communications he has withheld.

Third, the Court does not find that Defendants have shown a substantial need for the communications or that they cannot obtain their substantial equivalent by other means. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii). So, the Court denies Defendants' motion to compel.

**IT IS FURTHER ORDERED** that Defendants' motion to compel (ECF No. 58) is **denied**.

DATED: September 22, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE